UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GRAPHIC SYSTEMS, INC.,

      Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                           Civil File No. 17-4647 (MJD/HB)

AVANTI COMPUTER SYSTEMS LIMITED,

      Defendant.

Joseph A. Wentzell and James W. Moen, Wentzell Law Office, PLLC, Counsel for Plaintiff.

Alana K. Bassin and Rachelle A. Velgersdyk, Bowman & Brooke LLP, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. [Docket No. 10] The Court heard oral argument on March 8, 2018. Based on the forum selection clause in the License Agreement, this matter is dismissed for forum non conveniens.

## II.    BACKGROUND

        1.    **Factual Background**

            a)    **The Parties**

Plaintiff Graphic Systems, Inc. ("Graphic Systems") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. (Compl. ¶ 1.) Graphic Systems provides grand format digital printing to retail sales companies. (Id. ¶ 5.)

Defendant Avanti Computer Systems Limited ("Avanti") is a Canadian company with its principal place of business in Toronto, Ontario, Canada. (Compl. ¶ 2.) Avanti provides computer software to digital printing companies. (Id. ¶ 9.) In particular, Avanti sells Slingshot, software used as a platform for a grand format printing system. (Id. ¶ 10.)

### b) The License Agreement

During the spring of 2014, Avanti and Graphic Systems began discussions regarding Graphic Systems' software needs. (Compl. ¶ 11.) Prior to the parties entering into a contract, Avanti made representations regarding the capabilities of the Slingshot system and its compatibility with Graphic Systems' business. (Id. ¶¶ 13, 16.)

On June 16, 2014, Graphic Systems and Avanti entered into a License Agreement for the use of Avanti's Slingshot management information system.

(Compl. ¶ 15; Bassin Decl., Ex. A, License Agreement.)  The License Agreement provides:

> Governing Law.  This Agreement is governed by the laws of the Province of Ontario and the federal laws of Canada applicable therein and, if the Licensed Programs were acquired within Canada, each of the parties hereto irrevocably attorns to the exclusive jurisdiction of the courts of the Province of Ontario without regard to conflicts of laws principles.  If the Licensed Programs were acquired outside Canada, each of the parties hereto irrevocably attorns to the non-exclusive jurisdiction of the courts of the Province of Ontario, provided that the Licensee agrees that any claim or action brought by the Licensee shall be commenced in the courts of the Province of Ontario.  The parties agree that the United Nations Convention on Contracts for the International Sale of Goods does not apply to this Agreement.

(License Agreement ¶ 11.)

### c)   Implementation of the Slingshot Software

According to Graphic Systems, the Slingshot system does not work and has failed to operate with the customary and reasonable expectations of a commercial printing company for a print management information system.  (Compl. ¶ 19.)  Graphic Systems has not ever been able to "go live" with the Slingshot system.  (Id.)

**2.     Procedural History**

On October 11, 2017, Graphic Systems filed a Complaint against Avanti in this Court. The Complaint alleges: Count 1: Common Law Fraud and Fraud in the Inducement; Count 2: Breach of Contract; Count 3: Breach of Warranty (Merchantability); Count 4: Breach of Warranty (General); Count 5: Breach of Implied Covenant of Good Faith and Fair Dealing; and Count 6: Violation of the Consumer Fraud Act. Avanti now moves to dismiss the Complaint in its entirety based on forum non conveniens or, in the alternative, failure to state a claim upon which relief can be granted.

### III.    DISCUSSION

**A.     Forum Non Conveniens and Forum Selection Clauses**

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of <u>forum non conveniens</u>." Atlantic Marine Construction Co. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 580 (2013). "[B]ecause both § 1404(a) and the <u>forum non conveniens</u> doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." Id. at 580.

The Court need not decide whether federal or state law governs the enforceability of forum selection clauses in diversity cases, because both federal and Minnesota law follow the same standard when determining the enforceability of a forum selection clause.  See Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006); Hauenstein & Bermeister, Inc. v. Met–Fab Indus., Inc., 320 N.W.2d 886, 889–90 (Minn. 1982).  "[F]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid."  Servewell Plumbing, LLC, 439 F.3d at 789 (citation omitted).

> Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially heavy burden of proof to avoid its bargain.  Only some compelling and countervailing reason will excuse enforcement of a bargained-for forum selection clause.

Id. (citations omitted).

> A forum selection clause is unjust or unreasonable if: (1) the clause is the product of fraud or overreaching; (2) the party would effectively be deprived of his day in court if the clause is enforced; and (3) enforcing the clause would contravene the public policy of the forum in which suit is brought.

St. Jude Med., S.C., Inc. v. Biosense Webster, Inc., No. CIV. 12-621 (ADM/AJB), 2012 WL 1576141, at *3 (D. Minn. May 4, 2012) (citations omitted).

    **B.**    **Application of the Forum Selection Clause**

The parties agree that the software was acquired outside Canada – in Minnesota.  Therefore, the following sentence applies:

> If the Licensed Programs were acquired outside Canada, each of the parties hereto irrevocably attorns to the non-exclusive jurisdiction of the courts of the Province of Ontario, provided that the Licensee agrees that any claim or action brought by the Licensee shall be commenced in the courts of the Province of Ontario.

(License Agreement ¶ 11.)  The parties agree to the non-exclusive jurisdiction of the Ontario courts "provided that" the Licensee must bring any action or claim in Ontario courts.  The plain language of the forum selection clause is mandatory: any claim or action brought by "the Licensee," Graphic Systems, "shall be commenced in the courts of the Province of Ontario."  This clause is not ambiguous.

The Supreme Court has held:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations.  A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place.  In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

Atl. Marine Const. Co., 134 S. Ct. at 583.  Therefore, "[a]s the party acting in violation of the forum-selection clause, [Graphic Systems] must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer," and the Court must give no "weight to arguments about the parties' private interests, given that all private interests, as expressed in the forum-selection clause, weigh in favor of the transfer."  Id. at 583–84.

### C. Lack of Mutuality

There is no allegation in this case that the forum selection clause is the product of fraud or overreaching.  Nor would enforcement deprive a party of its day in court: this lawsuit can be brought in a competent court in Ontario, Canada, and there is no allegation that Ontario courts are deficient in any way.  And public policy favors enforcement of a bargained-for forum selection clause.  See, e.g., Airtel Wireless, LLC v. Montana Elecs. Co., 393 F. Supp. 2d 777, 785 (D. Minn. 2005) (noting "that Minnesota courts routinely enforce [forum selection] clauses and that there is no public policy in Minnesota that contravenes the enforcement of such a clause.").

 The Court rejects Graphic Systems' claim that the forum selection clause is not enforceable as against public policy because it is not mutual insofar as Avanti has the option to sue Graphic Systems in the United States or in Canada, but

Graphic Systems may only sue Avanti in Canada.  Mutual obligations under a forum section clause are not required for enforcement.  See, e.g., Silverman v. Carvel Corp., 192 F. Supp. 2d 1, 5 (W.D.N.Y. 2001) (holding that, under New York law, "[i]t is clear, then, that the nonmutuality of the forum-selection clause does not render it invalid") (citation omitted); C.I.N. Const., LLC v. Hunt Const. Grp., Inc., No. CIV.A. 08-5810SDW, 2009 WL 2998965, at *7 (D.N.J. Sept. 18, 2009) ("As to a lack of mutuality between the parties, the Court finds this contention unavailing . . . .  [T]he forum selection clause, which lacks mutuality [], is nonetheless, enforceable.").

    The Court notes that, in this case, Ontario is a reasonable forum.  Avanti is headquartered there.  The License Agreement provides that the laws of Ontario and the federal laws of Canada govern the License Agreement.  Both parties to the contract are sophisticated business entities.  There is simply no reason to deny enforcement of the forum selection clause.  Because the case is dismissed without prejudice based on forum non conveniens, the Court does not reach Avanti's arguments regarding the motion to dismiss for failure to state a claim.

    Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant's Motion to Dismiss Plaintiff's Complaint [Docket No. 10] is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   March 12, 2018              s/ Michael J. Davis
                                     Michael J. Davis
                                     United States District Court